**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID G. FOSS and TRACY J. FOSS, | |
| Plaintiffs, | |
| v. | Case No.: 22-cv-00298 |
| FAY SERVICING, LLC, | Honorable Elaine E. Bucklo |
| Defendant. | |

**DEFENDANT'S ANSWER, DEFENSES, AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant Fay Servicing, LLC ("Fay"), by and through its undersigned counsel, and for its Answer, Defenses, and Affirmative Defenses to Plaintiffs David G. Foss' and Tracy J. Foss' ("Plaintiffs") Complaint (the "Complaint"), states as follows:

**NATURE OF THE ACTION**

1.     This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 *et seq*.

**ANSWER:**     In response to paragraph 1, Fay admits only that Plaintiffs seek to bring the action as pled, but denies Plaintiffs are entitled to any recovery in this action.

2.     Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e).

**ANSWER:**     In response to paragraph 2, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the

referenced statutory authorities speak for themselves and any allegations inconsistent therewith are denied.

3.      The FDCPA regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects ... debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6).

**ANSWER:**      In response to paragraph 3, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced statutory authorities speak for themselves and any allegations inconsistent therewith are denied

4.      Among other things, the FDCPA prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293 (1995).

**ANSWER:**      In response to paragraph 4, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

5.      The Consumer Fraud Act "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Cohen v. Am. Sec. Ins. Co*., 735 F. 3d 601, 608 (7th Cir. 2013) (quoting *Robinson v. Toyota Motor Credit Corp*., 201 Ill. 2d 403, 775 N.E. 2d 951 (2002)).

**ANSWER:**     In response to paragraph 5, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced statutory authorities speak for themselves and any allegations inconsistent therewith are denied.

### JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**     In response to paragraph 6, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied

7.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:**     In response to paragraph 7, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states that it is not contesting venue.

### PARTIES

8.     DAVID G. FOSS and TRACY J. FOSS ("David" individually, "Tracy" individually, "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times relevant resided at 527 May Street, Roselle, Illinois 60172.

**ANSWER:**     In response to paragraph 8, Fay states that it lacks sufficient information to admit or deny the allegations regarding Plaintiffs' residency.

9.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:**     In response to paragraph 9, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

10.     Plaintiffs are "persons" as defined by 815 ILCS 505/1(c).

**ANSWER:**     In response to paragraph 10, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

82445891.3

11.     Plaintiffs are "consumers" as defined by 815 ILCS 505/1(e).

**ANSWER:**     In response to paragraph 11, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

12.     FAY SERVICING, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

**ANSWER:**     In response to paragraph 12, Fay admits the allegations.

13.     Defendant maintains a principal place of business at 1601 Lyndon B. Johnson Freeway, Farmers Branch, Texas 75234.

**ANSWER:**     In response to paragraph 13, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

14.     Defendant is a servicer of residential mortgage loans throughout the United States.

**ANSWER:**     In response to paragraph 14, Fay admits the allegations.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**     In response to paragraph 15, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

16.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**ANSWER:**     In response to paragraph 16, Fay denies the allegations.

17.     Defendant is engaged in "commerce" as defined by 815 ILCS 505/1(f).

**ANSWER:**     In response to paragraph 17, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

82445891.3

**FACTUAL ALLEGATIONS**

18.     On May 19, 2008, Plaintiffs executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for EverBank ("Mortgage").

**ANSWER:**     In response to paragraph 16, Fay admits the allegations.

19.     The Mortgage secured the purchase of Plaintiffs' personal residence located at 527 May Street, Roselle, Illinois 60172 ("Property").

**ANSWER:**     In response to paragraph 19, Fay states only that the referenced Mortgage speaks for itself. Fay denies any allegations in Paragraph 19 inconsistent therewith.

20.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note ("Note") in the amount of $414,627.00 ("Loan").

**ANSWER:**     In response to paragraph 20, Fay states only that the referenced Mortgage speaks for itself. Fay denies any allegations in Paragraph 20 inconsistent therewith.

21.     On or before April 22, 2022, the Loan was assigned, sold, or transferred to JPMorgan Chase Bank, National Association.

**ANSWER:**     In response to paragraph 21, Fay states that the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Fay states only that the referenced transfer document speaks for itself. Fay denies any allegations in Paragraph 21 inconsistent therewith.

22.     On or before January 28, 2014, the Loan was assigned, sold, or transferred to Secretary of Housing and Urban Development.

**ANSWER:**     In response to paragraph 22, Fay states that the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Fay states only that the referenced transfer document speaks for itself. Fay denies any allegations in Paragraph 22 inconsistent therewith.

23.    On or before February 25, 2014, the Loan was assigned, sold, or transferred to Bayview Loan Servicing, LLC.

**ANSWER:**    In response to paragraph 23, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced transfer document speaks for itself.  Fay denies any allegations in Paragraph 23 inconsistent therewith.

24.    On or before November 6, 2017, the Loan was assigned, sold, or transferred to Bayview Dispositions IIIB, LLC.

**ANSWER:**    In response to paragraph 24, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced transfer document speaks for itself.  Fay denies any allegations in Paragraph 24 inconsistent therewith.

25.    On or before December 19, 2017, the Loan was assigned, sold, or transferred to U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II.

**ANSWER:**    In response to paragraph 25, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced transfer document speaks for itself.  Fay denies any allegations in Paragraph 25 inconsistent therewith.

26.    Plaintiffs defaulted on the Loan by failing to make monthly payments.

**ANSWER:**    In response to paragraph 26, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay admits the allegations.

27.     On or before May 3, 2019, the Loan was assigned, sold, or transferred to Wilmington Savings Fund Society, FSB, as Trustee for Mill City Mortgage Loan Trust 2018-4.

**ANSWER:**     In response to paragraph 27, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced transfer document speaks for itself.  Fay denies any allegations in Paragraph 27 inconsistent therewith.

28.     The servicing of the Loan was transferred to Defendant.

**ANSWER:**     In response to paragraph 28, Fay admits the allegations.

29.     Defendant modified the loan payments, effective May 1, 2020.

**ANSWER:**     In response to paragraph 29, Fay admits the allegations.

30.     On July 1, 2020, Plaintiffs defaulted on the Loan yet again by failing to make monthly payments.

**ANSWER:**     In response to paragraph 30, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay admits the allegations.

31.     Subsequently, Plaintiffs received a written offer to purchase the Property.

**ANSWER:**     In response to paragraph 31, Fay states that it lacks sufficient information to admit or deny the allegations regarding the timing of any offers received by Plaintiffs.

32.     Plaintiffs, through counsel, sent a payoff request to which Defendant responded: (1) on April 19, 2021, with a payoff statement, and (2) on April 29, 2021, with an updated payoff statement, providing pertinently:

These figures are good to May 16, 2021.
This loan is due for the July 01, 2020 payment.
The current total unpaid Principal Balance is:                        $        337,977.44
The current total Principal Deferment Amount                                         .00

7

82445891.3

| | |
|---|---:|
| Interest at 3.87500% | 12,991.26 |
| Escrow/Impound Overdraft | 13,120.18 |
| Unpaid Late Charges | 862.10 |
| Recoverable Corporate Advances | 1,293.77 |
| Rehab Holdback | .00 |
| Cema Assignment Fee | .00 |
| Default Interest | .00 |
| ****TOTAL AMOUNT TO PAY LOAN IN FULL*** | $    366,244.75 |

> Funds received on or after May 16, 2021 will require an additional $46.30 interest per Day.

*See* Exhibit A.

**ANSWER:**    In response to paragraph 32, Fay states only that the referenced payoff documents, including the document incorporated into the Complaint as "Exhibit A," speak for themselves. Fay denies any allegations in Paragraph 32 inconsistent therewith

33.    The payoff letter had a "good through" date of May 16, 2021.

**ANSWER:**    In response to paragraph 33, Fay states only that the referenced payoff document speaks for itself.  Fay denies any allegations in Paragraph 33 inconsistent therewith.

34.    On May 14, 2021, two days before the payoff letter expired, the Plaintiffs closed on the sale of the Property.

**ANSWER:**    In response to paragraph 34, Fay states that it lacks sufficient information to admit or deny the allegations regarding the timing of any closings conducted by Plaintiffs.

35.    As a part of the closing and in reliance of the payoff letter, the closing agent Attorneys Title Guaranty Fund Inc. ("ATGF") wired $366,244.75 to Defendant.

**ANSWER:**    In response to paragraph 35, Fay admits only that it received a wire payment in the amount of $366,244.75 on May 14, 2021.  Responding further, Fay states that it lacks sufficient information to admit or deny the allegations regarding the motivations of any closing agent in sending the same.

82445891.3

36.     The following day, Defendant verbally informed Plaintiffs that $366,244.75 was not enough to pay off the account.

**ANSWER:**     In response to paragraph 36, Fay admits the allegations.

37.     On May 27, 2021, almost two weeks after the closing, Defendant returned the wire of $366,244.75 to ATGF.

**ANSWER:**     In response to paragraph 37, Fay denies the allegations.

38.     For the next week, Plaintiffs, through counsel, sought "revised" payoff figures—to no avail.

**ANSWER:**     In response to paragraph 37, Fay denies the allegations.

39.     Defendant eventually sent another payoff statement, dated June 4, 2021, providing pertinently:

> These figures are good to June 10, 2021.
> This loan is due for the July 01, 2020 payment.

| | |
|---|---:|
| The current total unpaid Principal Balance is: | $ 337,977.44 |
| The current total Principal Deferment Amount | .00 |
| Interest at 3.87500% | 14,248.71 |
| Escrow/Impound Overdraft | 13,120.18 |
| Unpaid Late Charges | 862.10 |
| Recoverable Corporate Advances | 3,673.76 |
| Rehab Holdback | .00 |
| Cema Assignment Fee | .00 |
| Default Interest | .00 |
| ****TOTAL AMOUNT TO PAY LOAN IN FULL*** | $ 369,782.19 |

> Funds received on or after June 10, 2021 will require an additional $46.30 interest per Day.

*See* Exhibit B.

**ANSWER:**     In response to paragraph 39, Fay states only that the referenced payoff document incorporated into the Complaint as Exhibit B speaks for itself.  Fay denies any allegations in Paragraph 39 inconsistent therewith.

9

40.     That afternoon, ATGF, in turn, wired $369,782.19 to Defendant.

**ANSWER:**     In response to paragraph 40, Fay admits the allegations.

## DAMAGES

41.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection, *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

**ANSWER:**     In response to paragraph 41, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

42.     To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

**ANSWER:**     In response to paragraph 42, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

43.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

**ANSWER:**     In response to paragraph 43, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

44.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, the plaintiff did not act upon the misinformation.

**ANSWER:**     In response to paragraph 44, Fay denies the allegations.

45.     Here, however, Plaintiffs did act upon the misinformation, and the payment was returned.

**ANSWER:**     In response to paragraph 45, Fay admits only that the insufficient payment was returned, and denies the remainder of the allegations in this paragraph.

46.     Confronted with alienating their buyer, Plaintiffs were forced to choose: either pay the additional $3,537.44 requested, or lose the sale and lose the home to eventual foreclosure.

**ANSWER:**     In response to paragraph 46, Fay denies the allegations.

47.     Plaintiffs selected to pay the additional amounts requested (including an additional $1,257.45 in interest—accrued as Plaintiffs awaited revised payoff figures).

**ANSWER:**     In response to paragraph 47, Fay denies the allegations.

48.     Concerned with having had their rights violated, Plaintiffs engaged counsel—expending time and incurring attorney's fees to seek recovery for the claims alleged, *infra*.

**ANSWER:**     In response to paragraph 48, Fay states that it lacks sufficient information to admit or deny the allegations regarding Plaintiffs' decision to retain counsel.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

82445891.3

49.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:**     In response to paragraph 49, Fay restates its responses to all paragraphs of the Complaint (above and below) as if fully set forth herein.

### Violation of 15 U.S.C. § 1692e

50.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (2)     The false representation of—

> (A)     the character, amount, or legal status of any debt.

> (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:**     In response to paragraph 50, Fay states that the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Fay states only that the referenced statutory authorities speak for themselves and any allegations inconsistent therewith are denied.

51.     Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by misrepresenting the amount of the debt owed.

**WHEREFORE**, Plaintiffs, DAVID G. FOSS and TRACY J. FOSS, pray that this Honorable Court enter an Order:

A.     Finding that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

B.     Finding that the Loan is a "debt" as defined by 15 U.S.C. § 1692a(5);

    C.      Finding that Defendant used false, deceptive, or misleading representations or means in connection with the collection of Plaintiffs' Loan, violating 15 U.S.C. § 1692e;

    D.      Awarding any actual damages sustained by Plaintiffs;

    E.      Awarding such additional damages as the Court may allow, but not exceeding $1,000.00;

    F.      Requiring Defendant to pay the costs of the action, together with a reasonable attorney's fee as determined by the Court; and

    G.      Providing such equitable and other relief as justice may require.

**ANSWER:**    In response to paragraph 51, Fay denies the allegations. Responding further, Fay denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to that sought in the unnumbered "WHEREFORE" clause following Paragraph 51 of the Complaint, including all subparts.

**COUNT II:**
**Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 _et seq._)**

52.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:**    In response to paragraph 52, Fay restates its responses to all paragraphs of the Complaint (above and below) as if fully set forth herein.

53.    Section 2 of the Consumer Fraud Act provides:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person

13

has in fact been deceived, or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.

**ANSWER:**    In response to paragraph 53, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced statutory authorities speak for themselves and any allegations inconsistent therewith are denied.

54.    Defendant violated 815 ILCS 505/2 by providing an inaccurate payoff amount.

**ANSWER:**    In response to paragraph 54, Fay denies the allegations.

55.    "Unfairness under the Consumer Fraud Act depends on three factors: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and/or] (3) whether it causes substantial injury to consumers." *Newman v. Metro. Life Ins. Co*., 885 F.3d 992, 1002 (7th Cir. 2018).

**ANSWER:**    In response to paragraph 55, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

56.    "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Robinson*, 775 N.E.2d at 961; *see also Newman*, 885 F.3d at 1002 ("A significant showing that any of the three factors is met is enough; so too are facts that, to a lesser degree, satisfy all three.").

**ANSWER:**    In response to paragraph 56, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only

14

that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

57.     A practice offends public policy if it "violates statutory or administrative rules establishing a certain standard of conduct." *Salka v. Ocwen Loan Servicing, LLC*, 357 F. Supp. 3d 704, 2018 U.S. Dist. LEXIS 206795, 2018 WL 6433853, at *8 (N.D. Ill. 2018); *Robinson*, 775 N.E.2d at 961; *see Newman*, 885 F.3d at 1002 (finding Consumer Fraud Act unfairness based on violation of a state statute and a state administrative rule); *Toulon v. Cont'l Cas. Co*., 877 F.3d 725, 740-41 (7th Cir. 2017) (treating "two provisions of the Illinois Administrative Code" as exemplary of public policy).

**ANSWER:**     In response to paragraph 57, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

58.     An unfairness claim may also rest on violations of administrative directives, like HAMP servicing guidelines, that themselves do not permit private enforcement. *See Wigod v. Wells Fargo Bank, N.A*., 673 F.3d 547, 575 (7th Cir. 2012) (recognizing that a violation of HAMP directives could support a Consumer Fraud Act unfairness claim); *Boyd v. U.S. Bank, N.A*., 787 F. Supp. 2d 747, 752 (N.D. Ill. 2011) (same).

**ANSWER:**     In response to paragraph 58, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

82445891.3

59.     15 U.S.C. § 1639g provides: "[a] creditor or servicer of a home loan shall send an *accurate* payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance."

**ANSWER:**     In response to paragraph 59, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

60.     The corresponding regulation that implements the statute, 12 C.F.R. § 1026.36(c)(3), similarly requires that a "creditor, assignee, or servicer" provide an *accurate* payoff balance."

**ANSWER:**     In response to paragraph 60, Fay states that the paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

61.     Defendant's practice of providing an inaccurate payoff balance offends public policy as established by 15 U.S.C. § 1639g and its implementing regulation, 12 C.F.R. § 1026.36(c)(3).

**ANSWER:**     In response to paragraph 60, Fay denies the allegations.

62.     Conduct is immoral, unethical, oppressive, or unscrupulous for Consumer Fraud Act purposes if it "leave[s] the consumer with little choice except to submit to it." *Newman*, 885 F.3d at 1002-03; *see also Robinson*, 775 N.E.2d at 962 (holding that oppression requires a "lack of meaningful choice" for consumers).

16

82445891.3

**ANSWER:** In response to paragraph 62, Fay states that the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

63.     Oppression occurs, for example, if a consumer is forced to choose between paying a greater amount and losing a previously promised benefit. *See Newman*, 885 F.3d at 1003 (where a consumer had to choose between forfeiting "sunk costs" and paying unexpectedly higher expenses); *Batson v. Live Nation Entm't, Inc*., 746 F.3d 827, 834 (7th Cir. 2014) (recounting a case where a consumer must choose between losing his investment and obtaining an overpriced product he did not want) (citing *Thompson v. Fajerstein*, 2008 U.S. Dist. LEXIS 78264, 2008 WL 4279983, at *5 (N.D. Ill. 2008)); *Ekl v. Knecht*, 223 Ill. App. 3d 234, 585 N.E. 2d 156, 162-63, 165 Ill. Dec. 760 (Ill. App. 1991) (where a plumber extracted an additional fee by threatening to undo all the repairs he had just made); *see also Wendorf v. Landers*, 755 F. Supp. 2d 972, 979 (N.D. Ill. 2010) ("Courts interpreting the meaning of 'unfair practices' have held that a plaintiff states a claim under the Consumer Fraud Act where the defendant's conduct gave plaintiff no reasonable alternative to incurring a charge or penalty.")

**ANSWER:** In response to paragraph 63, Fay states that the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Fay states only that the referenced legal authorities speak for themselves and any allegations inconsistent therewith are denied.

64.     Confronted with alienating their buyer, Plaintiffs were forced to choose: either pay the additional amount requested, or lose the sale and lose the home to eventual foreclosure.

**ANSWER:** In response to paragraph 64, Fay denies the allegations.

65.     That Hobson's choice, requiring Plaintiffs to pay an additional $3,537.44 qualifies as oppression under the Consumer Fraud Act. *See Newman*, 885 F.3d at 1003 (finding oppression where each choice presented would force the consumer to lose the benefit of the bargain to which she allegedly was entitled); *Robinson*, 775 N.E.2d at 962 (noting that demands for higher payment, when combined with threats of "dire alternatives," result in oppression by depriving the plaintiffs of "meaningful choice").

**ANSWER:**     In response to paragraph 65, Fay denies the allegations.

66.     Finally, by inducing Plaintiffs to pay the additional $3,537.44—more than what Defendant's April 29, 2021 payoff statement stated—Defendant inflicted substantial injury. *See Newman*, 885 F.3d at 1003 ("Newman also has alleged substantial injury [because] MetLife induced her to pay a premium ... at a rate greater than she would otherwise have paid [absent the misrepresentation]."); *Robinson*, 775 N.E.2d at 962 (noting that a consumer "compelled to pay an unreasonable amount ... in excess of what she [had] ... agreed to pay" suffered "substantial harm" under the Consumer Fraud Act) (describing *Ekl*, 585 N.E.2d at 163).

**WHEREFORE**, Plaintiffs, DAVID G. FOSS and TRACY J. FOSS, pray that this Honorable Court enter an Order:

A.     Finding that Defendant engaged in trade or commerce within the meaning of Section 1(f) of the Consumer Fraud Act;

B.     Finding that, in the conduct of trade or commerce, Defendant engaged in unfair or deceptive acts or practices within the meaning of Section 2 of the Consumer Fraud Act, 815 ILCS 505/2, by the unlawful acts and practices alleged in this Complaint;

C.     Preliminarily and permanently enjoining Defendant from engaging in the deceptive and unfair practices alleged in this Complaint;

D.      Awarding actual economic damages or any other relief which the Court deems proper;

E.      Requiring Defendant to pay all costs for the prosecution and investigation of this action; and

F.      Providing such equitable and other relief as justice may require.

**ANSWER:**    In response to paragraph 66, Fay denies the allegations. Responding further, Fay denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to that sought in the unnumbered "WHEREFORE" clause following Paragraph 66 of the Complaint, including all subparts.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

**ANSWER:**    Fay denies that Plaintiffs are entitled to a trial by jury and reserves the right to move to strike their demand for same.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Fay states that Plaintiffs have failed to state a cause of action upon which relief may be granted.

2.      Fay states that the payoff documents at issue in this case were accurate, and expressly disclosed that Fay's non-acceptance of funds as payment in full was a possibility in the event of, *inter alia*, calculation errors, insufficient funds, and additional escrow disbursements/adjustments (including fees and costs). Therefore, the requisite false/unfair/deceitful/oppressive/deceptive conduct required by the federal and state laws sued under has not and cannot be alleged nor established.

3.     Fay states that at all times relevant, it conducted itself in good faith, and all amounts were properly due and owing.  Fay further asserts that if any alleged conduct violated the FDCPA (which Fay disputes), such conduct occurred in good faith, and without willful or ill intent. Therefore, Plaintiffs have failed to allege and cannot establish the requisite falsity or deceitful conduct contemplated by the FDCPA.

4.     Fay states that Plaintiffs fail to allege any more than a mere breach of a contractual promise which, even if established (which Fay disputes), is not actionable under the Illinois Consumer Fraud Act.

5.     Fay states that Plaintiffs' admitted default under the terms of the loan documents bars any argument that they were deprived of a meaningful choice in repaying the full payoff amount.  Plaintiffs could have, but did not, comply with the terms of their mortgage loan, which amounts to a meaningful choice under the Illinois Consumer Fraud Act.

6.     Fay states that Plaintiffs' claims are barred (in whole or in part) due to Plaintiffs' unclean hands given their admitted pre-existing default under the terms of the loan documents.

7.     Plaintiffs suffered no actual concrete injury and therefore lack standing.  Among other things, Plaintiffs articulate no identifiable actual damages for their federal or state law claims.

8.     Plaintiffs were a party to one or more written agreements with Fay.  Fay asserts the fact of such written agreements, as well as the terms of such written agreements, act as a bar to Plaintiffs' claims.

9.     Fay conducted itself in conformity with applicable laws and regulations, including those governing mortgage servicing entities, and Fay was and is entitled to fairly and lawfully exercise rights under the applicable loan and payoff documents.

10.     Plaintiffs have suffered no damages resulting from any conduct on the part of Fay. Any purported damage Plaintiffs may have sustained is a result of their failure to comply with the terms of their agreement with Fay, not any communication from Fay.

11.     To the extent Plaintiffs failed to mitigate their damages, Fay is not responsible to the extent of the failure to mitigate.

12.     To the extent Plaintiffs seek injunctive relief, such claims are barred due to their failure to allege any risk of ongoing or future conduct with respect to Plaintiffs or any other borrower.

13.     As further investigation warrants, Fay reserves its right to amend these defenses and affirmative defenses pursuant the Federal Rules of Civil Procedure and the Court's authority to allow any such amendments upon proper motion for leave to amend same.

WHEREFORE, Fay respectfully requests that the Complaint be dismissed with Plaintiffs to recover nothing from Fay; that Fay be awarded its reasonable fees and costs incurred in the defense of the Complaint; and for such other and further relief as this Court deems just and proper.

Date:  March 10, 2022

Respectfully submitted,

*/s/ Nathan B. Grzegorek*
Nathan B. Grzegorek, Esquire
Illinois Bar No. 6306078
ngrzegorek@polsinelli.com
Jerry L. Switzer, Jr., Esquire
Illinois Bar No. 6210229
jswitzer@polsinelli.com
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL  60606
Tel.:  312-819-1900
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer, Defenses, and Affirmative Defenses has been electronically filed using the CM/ECF system, which will provide notice to the following counsel of record this **10th** day of March, 2022:

Joseph S. Davidson, Esquire
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, IL  60193
T:  847-985-1100
jdavidson@fightbills.com

Arthur C. Czaja, Esquire
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, IL  60714
T:  847-647-2106
arthur@czajalawoffices.com
*Counsel for Plaintiff*

*/s/ Nathan B. Grzegorek*
Nathan B. Grzegorek, Esquire
Counsel for Defendant

82445891.3